*1023
 
 PER CURIAM.
 
 [1]
 

 11 Granted. The decision in
 
 State v. Alvarez,
 
 08-0558 (La.App. 5th Cir.1/13/09), 8 So.3d 50, vacating defendant’s conviction and sentence for possession of cocaine in violation of La. R.S. 40:967(C) on grounds the trial court erred in denying defendant’s motion to suppress the evidence, is reversed, and this case is remanded to the court of appeal for consideration of the remaining assignments of error pretermit-ted on original appeal.
 

 Evidence presented at both the suppression hearing and at trial established that during the course of a traffic stop conducted at night in the Woodmere Subdivision in Jefferson Parish, described as a “high crime area,” police officers found them attention drawn to defendant as he observed the scene while standing between two apartment buildings and behaved in what appeared to the officers a nervous and erratic manner. When two officers approached defendant to ask him some questions |2after he balked at their initial requests that he come over to them, defendant turned and ran through the alleyway between the two apartment buildings. The officers gave chase. During the pursuit, defendant removed a gun from his waistband and discarded in the weapon in some bushes. He then ran into an apartment building and slammed the door shut. The pursuing officers kicked in the door, placed defendant under arrest, and in a search incident to that arrest removed a small bag containing rock cocaine from his pants pocket. Thereafter, defendant consented to a search of the apartment leading to the recovery of additional amounts of crack cocaine and gun magazines filled with nine millimeter bullets.
 

 The court of appeal freely conceded the officers did not need probable cause for an arrest or reasonable suspicion for an investigatory stop when they first approached defendant to ask him some questions.
 
 Alvarez,
 
 08-0558 at 7-8, 8 So.3d at 55;
 
 cf. Florida v. Bostick,
 
 501 U.S. 429, 439, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991) (“[T]he proposition that police officers can approach individuals as to whom they have no reasonable suspicion and ask them potentially incriminating questions .... is by no means novel; it has been endorsed by the Court any number of times.”);
 
 State v. Lewis,
 
 00-3136 p. 3-4 (La.4/26/02), 815 So.2d 818, 820 (citing Bostick). Nevertheless, the court of appeal found while the police had not actually seized defendant at the time he discarded the gun concealed in his waistband during the chase, the officers had come at him “ ‘with such force that, regardless of [his] attempts to flee or elude the encounter, an actual stop of [him][was] virtually certain.’ ”
 
 Alvarez,
 
 08-0558 at 8, 8 So.3d at 55 (quoting
 
 State v. Tucker,
 
 626 So.2d 707, 712 (La.1993)). On that premise, the Fifth Circuit panel concluded because defendant had merely asserted his right to walk away from the officers when he turned and ran as they approached to ask him some questions, the police lacked the |srequisite reasonable suspicion to conduct an actual or imminent stop.
 
 Cf. Bostick,
 
 501 U.S. at 437, 111 S.Ct. at 2387 (“We have consistently held that a refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure.”) (citations omitted). Thus, the illegal conduct by the officers tainted recovery of the firearm defendant removed from his waistband and discarded and his subsequent arrest and incident seizure of the cocaine from his pocket as well as the
 
 *1024
 
 other rocks of cocaine found in the apartment during the subsequent consent search.
 
 Alvarez,
 
 08-0558 at 9-10, 8 So.3d at 55-56.
 

 The court of appeal erred. Even assuming, arguendo, that an “imminent stop” took place in the present case before defendant discarded the firearm concealed in his waistband, defendant did not simply assert his right to walk away from the police officers when he turned and ran for sanctuary in the apartment building. Headlong, “unprovoked flight is simply not a mere refusal to cooperate.”
 
 Illinois v. Wardlow,
 
 528 U.S. 119, 124-125, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000). Thus, “[a)llowing officers confronted with such flight to stop the fugitive and investigate further is quite consistent with the individual’s right to go about his business or to stay put and remain silent in the face of police questioning.”
 
 Id.
 
 The totality of the circumstances with which the officers were presented — the lateness of the hour, the “high crime” nature of the area, the furtive behavior of the defendant at an unrelated traffic stop during which he was attempting to evade the officers’ sight and watch their actions — aroused the officers’ suspicions and caused them concern for their safety. Adding to those factors defendant’s unprovoked flight, the officers had the requisite minimal level of objective justification, i.e., reasonable suspicion, to investigate further and to initiate an investigatory stop, whether that stop was actual or “imminent.” La.C.Cr.P. art. 215.1;
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
 

 |4The officers therefore lawfully recovered the gun abandoned by defendant 'during the chase and had probable cause to arrest him for at least the offense of carrying a concealed weapon in violation of La. R.S. 14:95.
 
 See State v. Johnson,
 
 94-1170, p. 4 (La.App. 4th Cir.8/23/95), 660 So.2d 942, 946. Although the crime of carrying a concealed weapon is a misdemeanor and not a felony, it is a jailable offense and one involving risk to public safety. The officers warrantless entry of the apartment in hot pursuit to effectuate defendant’s arrest was therefore reasonable at its inception, and, as it turned out, possession of the firearm was chargeable as a felony offense although jurors ultimately acquitted defendant on that count. R.S. 14:95(E)(posses-sion of a firearm while in possession of a controlled dangerous substance);
 
 cf. United States v. Santana,
 
 427 U.S. 38, 43, 96 S.Ct. 2406, 2410, 49 L.Ed.2d 300 (1976)(“[A] suspect may not defeat an arrest which has been set in motion in a public place, and is therefore proper under
 
 [United States v.] Watson,
 
 [423 U.S. 411, 96 S.Ct. 820 46 L.Ed.2d 598 (1976)], by the expedient of escaping to a private place.”);
 
 see also State v. Walker,
 
 06-1045 p. 5-6 (La.4/11/07), 953 So.2d 786, 790;
 
 compare Welsh v. Wisconsin,
 
 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984)(Fourth Amendment does not permit warrantless entry of home to arrest for a nonjailable traffic offense). The subsequent recovery of cocaine from defendant’s pants pocket and from elsewhere in the apartment was therefore not tainted by any prior illegal conduct of the police.
 

 Accordingly, the trial court properly denied defendant’s motion to suppress and the court of appeal erred in setting aside that ruling. The judgment of the trial court on the motion to suppress is therefore reinstated and this case is remanded to the court of appeal for further consideration.
 

 [1]
 

 . Kimball, C.J., did not participate in the deliberation of this opinion. Retired Judge Phillip Ciaccio sitting ad hoc for Guidry, J., re-cused.