GRAVOIS, Judge.
 

 LThe defendant, Mike Alvarez, was charged with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A), and possession of a firearm while in possession of cocaine in violation of LSA-R.S. 14:95(E). After pleading not guilty, he filed a motion to suppress evidence, which was denied by the trial court. The defendant proceeded to trial by jury and was found guilty of the lesser charge of possession of cocaine and not guilty as to the firearm charge. After being adjudicated a second felony offender, the defendant was sentenced to ten years imprisonment at hard labor. On appeal, this Court found that the trial court erred in denying the defendant’s motion to suppress and vacated his conviction and sentence.
 
 State v. Alvarez,
 
 08-0558 (La.App. 5 Cir.
 
 *1020
 
 1/13/09), 8 So.3d 50. The Louisiana Supreme Court granted the State’s writ of certiorari, found that the trial court properly denied the defendant’s motion to suppress, reversed this Court’s opinion, and remanded the case to this Court for consideration of the defendant’s remaining assignments of error.
 
 State v. Alvarez,
 
 09-0328 (La.3/16/10), 31 So.3d 1022. On remand, for the following reasons, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 The following facts are taken from this Court’s prior opinion,
 
 State v. Alvarez, 8
 
 So.3d at 52, 53:
 

 On the evening of February 1, 2007, two Jefferson Parish Sheriffs Office (JPSO) Reserve Officers, Sergeant Tim Mistretta, Captain Claude Wood, Jr., and JPSO Deputy Eric Lentz were patrolling the Woodmere Subdivision of Jefferson Parish in separate marked police cars. During their patrol, Sergeant Mistretta and Captain Wood stopped an individual for a traffic violation. Deputy Lentz arrived shortly after to offer assistance.
 

 Sergeant Mistretta testified that he noticed defendant standing at the entry of an alleyway between two apartment complexes watching him conduct a traffic stop. Sergeant Mistretta explained that every time he made eye contact with the defendant, the defendant would ‘back off. Captain Wood testified that the defendant was going in and out between the two buildings and was fidgety.
 

 Deputy Lentz testified that he noticed the defendant loitering between two apartment buildings. Deputy Lentz explained that he wanted to conduct an interview with the defendant out of concern for the other officers’ safety to find out what the defendant was doing and why he was walking around in a nervous manner. Deputy Lentz testified that he asked the defendant to come over to talk to him and defendant responded ‘Me’; when he repeated the request, defendant responded ‘Huh.’ Deputy Lentz and Captain Wood testified that when they approached the defendant from different directions, the defendant turned and fled. The officers chased him.
 

 The officers testified that as they pursued the defendant, they saw the defendant remove a gun from his waistband and throw it into bushes in an alleyway between apartment buildings. The defendant then ran into an apartment and slammed the door shut. Officers Wood and Lentz then kicked the door down and entered the apartment. Sergeant Mistretta followed the other officers into the apartment. After a struggle, the defendant was handcuffed. The defendant was informed that he was under arrest and he was advised of his rights under
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When Deputy Lentz searched the defendant, he recovered a small bag containing a white rock substance from the defendant’s pants pocket. This substance tested positive for cocaine.
 

 The defendant told the officers that he lived at the apartment with his girlfriend. He then signed a form consenting to a search of the residence.
 

 14During the search, Deputy Lentz discovered several bags of rock-like objects inside the freezer in the kitchen. These items tested positive for cocaine. Also found were a razor with some white powdery substance on the end consistent with cocaine, and clear sandwich bags consistent with those used to wrap the drug. No drug paraphernalia was found, although the officers found magazines with 9 mm bullets, and two empty ammunition boxes.
 

 
 *1021
 
 The defendant testified. He stated that on the evening of the incident, Willie Hodges and Levita Jackson arrived at his apartment to watch a basketball game. At that time, he saw a black male dressed in black standing in the alleyway outside the apartment. Shortly after they arrived, Hodges and Jackson left to pick up something to eat. About five minutes later, the police kicked his door in and entered his apartment. He said he did not struggle, that he cooperated and got on the floor when they entered with guns drawn. After the officers handcuffed him, he complied with the officers’ request to sign a form consenting to the search of his apartment. Although they searched the apartment, he denied that they searched him.
 

 The defendant denied knowing where the crack came from, and asserted he was not aware of any drugs in his home. The defendant said Ariana Paul lived with him at the time, and claimed that the freezer in which the drugs were found belonged to Ariana’s mother. He said that both her parents had a drug problem.
 

 The defendant denied that he was chased down an alleyway, or that he discarded a gun. He testified that there were no bushes near his apartment and there was no ammunition in his house.
 

 Ms. Jackson testified that she and Hodges saw a man standing in the alleyway when they arrived at the defendant’s apartment. According to Ms. Jackson, when she and Hodges left to get something to eat, their car was blocked by two police cars. At that time, she again saw someone standing in the alleyway next to the apartment building. Ms. Jackson testified that she watched as the unknown man ran through the alley when the police went to question him. She claimed that the person chased by the police was the same individual she and Hodges had seen earlier when they drove into the driveway.
 

 ASSIGNMENTS OF ERROR
 

 On appeal, the defendant argued that the trial court erred in failing to suppress the physical evidence gathered as a result of an illegal seizure. The Supreme Court has found that the trial court properly denied the defendant’s motion to suppress. On remand this Court was instructed by the Supreme Court to address the defendant’s remaining assignment of error, which is excessive sentence. In this assignment of error, the defendant contends that he received the ^maximum sentence of ten years at hard labor for a second felony offender, which was excessive and violated his constitutional rights. He argues that the trial court gave inadequate reasons for imposing a maximum sentence, stating that his prior offense occurred ten years earlier and that at the time of this incident he was gainfully employed, working two jobs.
 

 The record reflects that after the trial court found the defendant to be a second felony offender and imposed an enhanced ten-year sentence at hard labor, the defendant objected to the finding and objected to the maximum sentence as being excessive. The trial judge stated:
 

 All right. Well, although the jury came back with a lesser charge, I heard the evidence that was presented, and I had a different idea of what I thought. So I believe based on what I heard from the jury, based upon what evidence was presented, I believe that this sentence suits the offense, okay, and that’s why I sentenced him to ten (10.)
 

 After the defendant’s enhanced sentence was imposed, defense counsel
 
 *1022
 
 orally objected to the sentence as excessive, without stating grounds upon which the objection was based. The defendant did not file a written motion to reconsider sentence. Failure to make or file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only.
 
 State v. Bolden,
 
 04-1000, p. 3 La.App. 5 Cir. 3/1/05), 901 So.2d 445, 447-48,
 
 writ denied,
 
 05-2030 (La.4/28/06), 927 So.2d 279;
 
 see also
 
 LSA-C.Cr.P. art. 881.1(E).
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering.
 
 State v. Lagarde,
 
 07-123, p. 13 (La.App. 5 Cir. 5/29/07), 960 So.2d 1105, 1115,
 
 writ denied,
 
 07-1650 (La.5/9/08), 980 So.2d 684.
 

 | Jn reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, while recognizing the trial court’s wide discretion.
 
 Id.
 
 The trial judge is afforded wide discretion in determining a sentence, and the appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 Id.
 

 The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 Lagarde,
 
 07-123 at 16, 960 So.2d at 1117. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 State v. Lagarde,
 
 07-123 at 13, 960 So.2d at 1115.
 

 The sentencing range for the underlying offense, possession of cocaine, is imprisonment with or without hard labor for not more than five years and, in addition, a possible fine of not more than five thousand dollars. LSA-R.S. 40:967(0(2). Pursuant to LSA-R.S. 15:529.1(A)(l)(a), as a second felony habitual offender, the defendant’s enhanced sentencing range for his conviction for possession of cocaine was for a term of not less than two and one-half years and not more than ten years.
 

 The maximum sentence for a second felony offender with an underlying conviction for possession of cocaine has previously been upheld. In
 
 State v. Smith,
 
 05-2617 (La.App. 1 Cir. 12/28/06), 2006 WL 3813673, at 2-3 (unpublished opinion), the First Circuit upheld the maximum ten-year sentence for a defendant convicted of possession of cocaine and previously convicted of forcible rape.
 

 Our review of the record indicates the trial court did not abuse its discretion in imposing the ten-year enhanced sentence in this case. The defendant had a prior 17conviction of carnal knowledge of a juvenile. The circumstances surrounding the incident which resulted in the underlying conviction also offer support for the defendant’s sentence. The matter involved the recovery of cocaine on the defendant’s person as well as the recovery of additional cocaine found in the defendant’s freezer. After fleeing from the officers, the defendant struggled with officers and two officers were injured in the struggle. Given these circumstances, we find the sentence imposed is not excessive.
 

 
 *1023
 

 ERRORS PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). This review revealed discrepancies in the minute entries and commitments.
 

 The February 27, 2008 jury trial minute entry reflects that the defendant was charged with “SCHEDULE II DIST/ WITD OF A CDS (40:967.A).” The defendant was actually charged with possession with intent to distribute cocaine. Further, the charge does not include the specific controlled dangerous substance involved.
 

 In
 
 State v. Woolridge,
 
 08-340 (La.App. 5 Cir. 10/14/08), 996 So.2d 618, the commitment reflected that the defendant pled guilty to “DIST/WITD” heroin and “DIST/WITD” marijuana. The defendant had actually pled guilty to possession with intent to distribute heroin and marijuana. This Court cited
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983) and recognized that when there is a discrepancy between the minutes and the transcript, the transcript prevails. Because the commitment appeared to indicate distribution as the charge, this Court remanded the matter to allow the trial judge to correct the commitment to conform to the | ^transcript and other parts of the record. Following
 
 Woolridge,
 
 we remand this matter for correction of the commitment.
 

 We also find that the description of the firearm charge is incorrect. The trial minute entry reflects the defendant was charged with “USE OF FIREARM/CDS (14:95.E).” Also, the commitment describes count two as “USE OF FIRE-ARWCDS-COCAINE.” The defendant was not charged with the use of firearms, but was charged with possession of a firearm while in possession of cocaine. Both the minute entry and commitment must be amended to correct the error from use of firearms to possession of a firearm while in possession of cocaine.
 

 Additionally, we find an error in the original commitment. The commitment reflects the defendant was found guilty of count one, possession of cocaine, but improperly cites the statute as LSA-R.S. 40:966(C), which relates to Schedule I drugs and incorrectly states that cocaine is a controlled dangerous substance classified in Schedule I. Possession of cocaine is a violation of LSA-R.S. 40:967(0 and is a Schedule II controlled dangerous substance. This error must also be corrected by the trial court on remand.
 

 Finally, we note that the multiple bill commitment reflects that the court found the defendant to be a multiple offender and sentenced him under the multiple bill statute, however, this commitment fails to reflect the defendant’s specific status as a second felony offender. Since the transcript correctly states that the defendant was found to be a second felony offender, pursuant to
 
 State v. Defrene,
 
 07-823, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 34, on remand the trial court is instructed to correct the commitment to state that the defendant was sentenced as a second felony offender.
 

 \,CONCLUSION
 

 For the foregoing reasons, defendant’s sentence and conviction are affirmed. This matter is remanded to the trial court for the limited purpose of correcting the foregoing errors patent.
 

 CONVICTION AND SENTENCE AFFIRMED; REMANDED.