DANIEL L. DYSART, Judge.
|, Defendant appeals his conviction by an Orleans Parish jury of possession of cocaine. For the reasons that follow, we affirm the conviction and sentence.
PROCEDURAL BACKGROUND
By bill of information dated June 27, 2006, defendant, Willie Carter, was charged with possession of cocaine, a violation of La.R.S. 40:967(C). Defendant’s motion to suppress evidence was denied by the trial court. Defendant proceeded to a jury trial and was found guilty as charged. Defendant was sentenced to five years imprisonment at hard labor. Defendant appeals his conviction on the sole basis that the trial court erred in denying his motion to suppress evidence.
FACTUAL BACKGROUND
The testimony at both the hearing on defendant’s motion to suppress evidence and trial reflect that members of the New Orleans Police Department’s Special Operations Division were on foot patrol in the Jackson Landing Apartment Complex on Garden Oaks Boulevard on April 18, 2006. Officer Octavio Baldassaro testified that he observed a subject, later identified as Travis Jordan, ^standing in front of Apartment 807, along with several other subjects. Upon observing the officers, Jordan reached under his untucked shirt, removed a handgun, discarded it to the ground, and then fled into the nearby apartment. Officer Baldassaro and his partner, Officer Chad Gagnon, issued a radio broadcast informing that they had observed a subject with a weapon and were in pursuit. Officer Baldassaro retrieved the weapon, as officers Stephen Kelleher and his partner, Jason Samuel, responded to the call for assistance.
Officers Gagnon and Kelleher entered the apartment in pursuit of Jordan, and after locating him in the restroom, began to place him under arrest. As the officers were placing Jordan under arrest, Officer Kelleher observed another subject, later identified as the defendant, lying on the floor of the apartment. He was observed reaching into his right front pants pocket and removing a plastic bag. He attempted to conceal the bag between a dresser and a group of loose clothes on the ground. Officer Kelleher secured the defendant and retrieved the bag which contained twenty-two pieces of what appeared to crack cocaine. The evidence was later tested and determined to be crack cocaine.
*383 DISCUSSION[1]
In his sole assignment of error, defendant contends that the trial court abused its discretion when it denied the motion to suppress evidence and allowed the evidence to be introduced at trial. He submits that the warrantless entry into the |sapartment violated his right to be free from unreasonable searches and seizures under both the United States and Louisiana Constitutions.
Defendant maintains that the evidence should have been suppressed as the police lacked probable cause to believe that Travis Jordan had committed a crime, and further, that there were no exigent circumstances to justify the officers’ warrantless entry into the apartment in order to effect Jordan’s arrest.
At the outset, we note that trial courts are vested with great discretion when ruling on a motion to suppress and, consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Lampton, 11-0775, p. 5 (La.App. 4 Cir. 6/11/12), 95 So.3d 1199, 1202, citing State v. Long, 03-2592, p. 5 (La.9/9/04), 884 So.2d 1176, 1179; State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914.
As a general rule, warrants are required to search a person’s home or his person unless “the exigencies of the situation’ make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.” State v. Lee, 05-2098, pp. 14-15 (La.1/16/08), 976 So.2d 109, 122 (Citations omitted); Mincey v. Arizona, 437 U.S. 385, 393-394, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). In determining whether sufficient exigent circumstances exist to justify a warrantless entry and search or seizure, the court must “consider the totality of the circumstances and the ‘inherent necessities of the situation at the time.’” State v. Warren, 05-2248, p. 10 (La.2/22/07), 949 So.2d 1215, 1224 (Citation omitted). In State v. Alvarez, 09-0328 (La.3/16/10), 31 So.3d 1022, the Louisiana Supreme Court considered the legality of a warrantless entry by police into an apartment under a set of circumstances similar to those of the instant case. In that case, police officers observed the defendant standing between two apartment buildings behaving in what was described as a nervous and erratic manner. Initially, the defendant declined to speak to the officers and then turned and ran through an alleyway between two apartment buildings. The officers gave chase, and during the pursuit, the defendant removed a gun from his waistband, which he discarded in some bushes. He then ran into a nearby apartment and slammed the door shut. The pursuing officers kicked in the door and placed the defendant under arrest. In a search incident to that arrest, the officers discovered a small bag containing rock cocaine in the defendant’s pants pocket. Thereafter, defendant consented to a search of the apartment which he claimed to share with his girlfriend, and the police recovered additional amounts of crack cocaine.
With respect to the warrantless entry into the apartment, the Supreme Court held:
The officers therefore lawfully recovered the gun abandoned by defendant during the chase and had probable cause to arrest him for at least the offense of carrying a concealed weapon in violation of La. R.S. 14:95. See State v. Johnson, 94-1170, p. 4 (La.App. 4th Cir.8/23/95), 660 So.2d 942, *384 946. Although the crime of carrying a concealed weapon is a misdemeanor and not a felony, it is a jailable offense and one involving risk to public safety. The officers [sic] warrantless entry of the apartment in hot pursuit to effectuate defendant’s arrest was therefore reasonable at its inception, and, as it turned out, possession of the firearm was chargeable as a felony offense although jurors ultimately acquitted defendant on | ¿¡that count. R.S. 14:95(E)(possession of a firearm while in possession of a controlled dangerous substance); cf. United States v. Santana, 427 U.S. 38, 43, 96 S.Ct. 2406, 2410, 49 L.Ed.2d 300 (1976)(“[A] suspect may not defeat an arrest which has been set in motion in a public place, and is therefore proper under [United States v.] Watson, [423 U.S. 411, 96 S.Ct. 820 46 L.Ed.2d 598 (1976) ], by the expedient of escaping to a private place.”); see also State v. Walker, 06-1045 p. 5-6 (La.4/11/07), 953 So.2d 786, 790; compare Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984)(Fourth Amendment does not permit warrant-less entry of home to arrest for a nonjailable traffic offense). The subsequent recovery of cocaine from defendant’s pants pocket and from elsewhere in the apartment was therefore not tainted by any prior illegal conduct of the police.
Id., p. 4, 31 So.3d at 1024.
In the instant matter, although defendant suggests that the officers lacked probable cause to arrest, the testimony established that the officers observed Travis Jordan remove a handgun from beneath his untucked shirt before discarding it and then flee into a nearby apartment. As in Alvarez, these facts clearly established probable cause for the offense of carrying a concealed weapon. Given the seriousness of the offense involving a dangerous weapon, the officers’ entry into the apartment in “hot pursuit” of Jordan, who was attempting to escape apprehension, was reasonable.
The officers’ subsequent observation of the bag of cocaine, which defendant attempted to discard, falls within the “plain view” exception to the Fourth Amendment’s prohibition against unreasonable searches and seizures and the requirement of probable cause for a warrant to issue. As this Court explained in State v. Smith, 96-2161 p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549:
|fiIn order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied, 629 So.2d 1126 and 1140 (La.1993).
Accordingly, we find that the officers were lawfully inside the apartment when defendant was observed attempting to discard the bag of cocaine. We therefore hold that the trial court properly denied defendant’s motion to suppress the evidence and we affirm defendant’s conviction and sentence.
AFFIRMED

. We have reviewed the record for errors patent and find none.