| STATE OF LOUISIANA | * | NO. 2025-K-0090 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| MICHAEL R. FORD | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 564-375, SECTION "D"
Judge Kimya M. Holmes,
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Rosemary Ledet)

**LEDET, J., DISSENTS WITH REASONS**

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White St.
New Orleans, LA 70119

COUNSEL FOR RELATOR/THE STATE OF LOUISIANA

**WRIT GRANTED; JUDGMENT REVERSED**

**FEBRUARY 26, 2025**

*DLD*
*RLB*

The State seeks review of the trial court January 10, 2025 rulings finding no probable cause for the sole 14:95.1 charge pending against the defendant, Michael Ford, and suppressing the firearm that was seized from the defendant.  For the following reasons, we grant the State's writ application and reverse the trial court's rulings.

Only one witness, NOPD Sergeant Randy Walton, testified at the hearing. The testimony established that on October 10, 2024, Sergeant Walton, a thirteen-year veteran, along with another Sergeant and his Lieutenant Supervisor were planning to attend a "Night Out Against Crime" event taking place in the NOPD's Fifth District.  Being early for the event, Sergeant Walton, along with his Lieutenant, was driving through the neighborhood when he noticed the defendant riding a bicycle at a high rate of speed on the sidewalk (a violation of New Orleans Municipal Code §154-1416).  Upon noticing the police unit, the defendant sped up and turned the corner.  The officers also turned the corner and immediately saw the defendant jump off of the bicycle and run down an alley between two houses. Approaching the alley, Sergeant Walton witnessed the defendant discard on the ground what he called a "kangaroo pack," also commonly referred to as a "fanny

1

pack." The defendant then dropped to the ground where he attempted to ingest something. The Lieutenant picked up the discarded kangaroo pack and handed it to Sergeant Walton who plainly saw the handle of a gun protruding from the pouch. The defendant did not attempt to flee further, but remained in the alley.

A check of the weapon revealed it was stolen. After determining the defendant's name, a check revealed that he was currently on probation and had multiple felony convictions in the past. Accordingly, he was arrested for being a felon in possession of a firearm.

Under these circumstances, there is no reason for suppressing the gun which had been discarded by the defendant. It has long been axiomatic that evidence discarded and no longer in the possession of the defendant is not protected under the Fourth Amendment. *See Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); *see also Louisiana v. Johnson*, 94-1170 La. 8/23/95), 660 So.2d 942 (Officer observed defendant throw what appeared to be and was a gun to the ground); *Louisiana v. Alvarez*, 09-0328 (La. App. 4 Cir. 3/16/10), 31 So.3d 1022 (Defendant discarded weapon in the bushes in view of officers). Also, a police officer may arrest an individual without a warrant for a misdemeanor offense that is committed in his presence. La. C.Cr.P. art.213(A)(1); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001).

For the above and foregoing reasons, this writ is granted and we reverse the trial court's decision, deny the motion to suppress, and find probable cause for the charge of 14:95.1.

**WRIT GRANTED; JUDGMENT REVERSED**

2