JUDE G. GRAVOIS, Judge.
 

 |2The defendant, Mike Alvarez, has appealed his adjudication as a second felony offender and resulting sentence. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Defendant was convicted of three counts of aggravated crime against nature upon a known juvenile, violations of LSA-R.S. 14:89.1. He was sentenced to a term of imprisonment of fifteen years on each count, to be served consecutively, without the benefit of parole, probation, or suspension of sentence.
 
 State v. Alvarez,
 
 10-925 (La.App. 5 Cir. 6/29/11), 71 So.3d 1079, 1081-82.
 

 In his first appeal, defendant contended that the evidence was insufficient to support the convictions, and that the trial court erred by allowing the State to admit testimony and evidence of his conviction in 1997 of carnal knowledge of a juvenile. This Court affirmed the conviction and sentence, but remanded the matter so that the trial court could inform defendant of the sex offender registration requirements.
 
 Alvarez,
 
 10-925, 71 So.3d at 1085-86.
 

 1 oMeanwhile, on August 9, 2010, the State filed a multiple offender bill of information alleging defendant to be a second felony offender. Defendant denied those allegations and filed a written response to the multiple bill. On December 13, 2010, a multiple bill hearing was held, after which the trial judge found defendant to be a second felony offender. The trial judge vacated the three original sentences and resentenced defendant pursuant to LSA-R.S. 15:529.1, the multiple offender bill statute, to consecutive sentences of imprisonment at hard labor for thirty years on
 
 *268
 
 each count without the benefit of probation or suspension of sentence. On December 17, 2010, defendant filed a timely motion for appeal that was granted.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 
 — Excessive
 
 sentence
 

 On appeal, defendant argues that the trial judge erred by imposing an excessive sentence. He contends that the three thirty-year consecutive sentences, totaling ninety years, are excessive because the alleged offenses were not violent in nature, no use of weapons was alleged, and no physical injuries were sustained. He asserts that his prior conviction involved consensual sexual activity, and that the instant conviction is not the type of conviction, nor is he the type of perpetrator, for which a maximum sentence is appropriate. He maintains that the sentences are disproportionate to the offenses and that they shock the sense of justice when compared to any harm done to society. Defendant also argues that the trial judge failed to consider any mitigating factors.
 

 The State responds that the term of imprisonment was not excessive, given that the three underlying offenses and the predicate offense constituted sex crimes involving juveniles, and that the trial judge was aware of defendant’s pending obscenity charge.
 

 14A review of the record indicates that defendant orally objected to the sentences, but did not state specific grounds for his objection. Further, defendant did not file a motion to reconsider his sentences pursuant to LSA-C.Cr.P. art. 881.1. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only.
 
 State v. Warmack,
 
 07-811, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 108;
 
 See also
 
 LSA-C.Cr.P. art. 881.1. Additionally, because defendant failed to explicitly state an objection to the consecutive nature of the sentences, he is not entitled to review of that issue here.
 
 State v. McGee,
 
 04-963, p. 20 (La.App. 5 Cir. 1/11/05), 894 So.2d 398, 412,
 
 writ denied,
 
 05-0593 (La.5/20/05), 902 So.2d 1050. Accordingly, the only issue to be considered herein is whether defendant’s sentences are constitutionally excessive.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness.
 
 State v. Smith,
 
 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 Id.
 
 A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.
 
 State v. Lawson,
 
 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
 

 A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 State v. Dorsey,
 
 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a ^sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Pearson,
 
 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
 

 Defendant was convicted of three counts of aggravated crime against nature in violation of LSA-R.S. 14:89.1. Pursuant to that statute, whoever commits the crime of
 
 *269
 
 aggravated crime against nature shall be imprisoned at hard labor for not less than three nor more than fifteen years without the benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:89.1. For this conviction, defendant received the maximum sentences under the statute, fifteen years of imprisonment at hard labor on each count, without the benefit of parole, probation or suspension of sentence, to run consecutively.
 

 Defendant was then adjudicated a second felony offender. At the time the instant offenses were committed in 2001, LSA-R.S. 15:529.1 A(l)(a) provided that if the second felony is one that upon a first conviction is punishable by imprisonment for any term less than natural life, then the sentence imposed shall be for a determinate term of not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. Consequently, as a second felony offender, defendant was exposed to a sentencing range of seven and one-half years to thirty years on each count. As a second felony offender defendant received maximum sentences of thirty years on each count, without the benefit of probation or suspension of sentence, to run consecutively-
 

 At the sentencing hearing, defense counsel argued that the alleged offenses, which were all on the same bill of information, showed a common scheme, and therefore, he requested that any sentence be imposed concurrently pursuant to LSA-C.Cr.P. art. 883. The prosecutor responded that if the crime was committed after the change of the law in 2001, defendant would have faced a mandatory life sentence on each count. He stated that defendant was charged with three counts of |fiaggravated crime against nature, which was the maximum charge the State could seek against defendant before the law changed to define oral rape of a minor as an aggravated rape. Defense counsel asked the trial judge to utilize the law in effect at the time the offenses were alleged to have occurred.
 

 In sentencing defendant, the trial judge stated in pertinent part:
 

 Alright. It is the wish of this Court, also — the record reflect [sic] that I’ve also considered the sentencing guidelines, the Code of Criminal Procedure, and I believe — I remember this case, Mr. Alvarez, I remember this victim testifying in this courtroom, I remember the Children’s Advocacy Center tape that was shown to the jury, I remember where this victim said that you had her get on her needs [sic] and had her suck your private parts. There was another time in the bathroom where you had her suck, his thing and white stuff came out of it, and I spit it into the sink. I remember her saying the third time by the kitchen — by the refrigerator you said to do it, but it was stopped because the momma walked back into the living room.
 

 Okay, those are three transactions of a common scheme in which this victim was thirteen years old at the time. The court has a real problem with that because I believe, based on all of these individual — all of these acts done to this thirteen year old girl, that based on the Code of Criminal Procedure articles that I considered, that you are a person that’s in dire need of a custodial environment; and that it is this Court’s opinion that any lesser sentence would deprecate the seriousness of this act upon this juvenile of thirteen years old at the time.
 

 [[Image here]]
 

 And it is my express desire, based on Code of Criminal Procedure article 883, that I believe this to be a common scheme or plan and part of a transaction in which it is the express desire of this Court that each of these counts be run
 
 *270
 
 consecutive to each other; because, as I stated, I believe, based on the age of this victim and what you had this victim do, that any lesser sentence would deprecate the seriousness of this offense.
 

 Defense counsel objected to the trial judge’s finding that defendant was a second felony offender, and he noted his objection to the sentence.
 

 Upon review, we find that the three maximum thirty-year enhanced sentences imposed are supported by the record and thus are not constitutionally excessive. The evidence at trial showed that defendant had the very young victim |7perform oral sex upon him on three different occasions. The victim testified at trial that she was only six years old at the time of the offenses in the summer of
 
 2001
 

 [1]
 

 Moreover, defendant has a prior conviction for carnal knowledge of a juvenile, and a pending obscenity charge.
 

 Additionally, effective August 15, 2001, LSA-R.S. 14:42A, the aggravated rape statute, was amended by Acts 2001, No. 301, § 1, to include oral sexual intercourse. Also, since that statute was amended, the penalty has been mandatory life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Therefore, as the State argued at the sentencing hearing, had defendant committed these offenses after the effective date of the amended statute, he could have been convicted of aggravated rape and received mandatory life sentences at hard labor.
 

 Accordingly, we find this assignment of error to be without merit.
 

 ASSIGNMENT OF ERROR NUMBER TWO—Sufficient proof of multiple offender status
 

 Defendant argues that the trial judge erred by finding him to be a second felony offender. He contends that the documents the State introduced at the multiple bill hearing were not certified copies, and that the State failed to produce other competent evidence to prove that he was a second felony offender. The State responds that the trial judge did not err by finding defendant to be a second felony offender because competent evidence was presented.
 

 To prove a defendant is a habitual offender, the State must initially prove the prior felony convictions, and that the defendant is the same person who was convicted of the prior felonies.
 
 State v. Shelton,
 
 621 So.2d 769, 779-80 (La.1993);
 
 State v. Thomas,
 
 06-654, p. 7 (La.App. 5 Cir. 1/16/07), 951 So.2d 372, 378,
 
 writ denied,
 
 07-464 (La.11/21/07), 967 So.2d 1153. The latter can be established through the use of expert testimony that the defendant’s fingerprints match those from the prior convictions.
 
 Id,.,
 
 06-654 at 7, 951 So.2d at 378. When the State relies on a prior conviction that is based on a guilty plea to prove the defendant’s habitual offender status and the defendant denies the habitual offender bill, the State’s burden of proof is governed by
 
 Shelton, supra.
 
 The State must also prove that the prior convictions fall within the ten-year cleansing period prescribed by LSA-R.S. 15:529.1(C).
 
 State v. Guillard,
 
 04-899, p. 13 (La.App. 5 Cir. 4/26/05), 902 So.2d 1061, 1072,
 
 writ denied,
 
 05-1381 (La.1/13/06), 920 So.2d 233.
 

 Under
 
 Shelton,
 
 it is initially the State’s burden to prove 1) the existence of the prior guilty pleas, and 2) that the defendant was represented by counsel when the pleas were taken. If the State
 
 *271
 
 satisfies that burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes such showing, the burden of proving the constitutionality of the plea shifts to the State. This burden is met if the State produces a “perfect” transcript of the guilty plea, i.e., one which reflects a colloquy in which the judge informed the defendant of, and the defendant waived, his right to trial by jury, his privilege against self-incrimination, and his right of confrontation.
 
 Shelton,
 
 621 So.2d at 779-80.
 

 If the State introduces anything less than a “perfect” transcript, such as a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge must weigh the evidence submitted by each party to determine whether the State has met its burden of proving the prior guilty plea was “informed and voluntary, and made with an articulated waiver of the three
 
 Boykin
 
 rights.”
 
 Shelton,
 
 621 So.2d at 780.
 

 IsLSA-R.S. 15:529.1(F) provides:
 

 F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
 

 In the instant case, the State alleged in the multiple bill that defendant had a prior felony conviction for carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80, in 1997 in case number 392-181 in Orleans Parish. Defendant denied those allegations. At the multiple bill hearing, the State introduced into evidence State’s Exhibit 1, a card containing defendant’s fingerprints taken in court that day; State’s Exhibit 2, a certified “pen-pack,” containing records from the Department of Public Safety and Corrections, which included fingerprints; and State’s Exhibit 3, documents pertaining to defendant’s conviction for carnal knowledge of a juvenile (LSA-R.S.14:80) in case number 392-181 in Orleans Parish, including a copy of a guilty plea form dated October 2, 1997, a docket master, two minute entries, a screening action form, an arrest register, and a bill of information containing fingerprints.
 

 The State also introduced State’s Exhibit 4, a copy of this Court’s opinion in
 
 State v. Alvarez,
 
 08-558 (La.App. 5 Cir. 8/31/10), 47 So.3d 1018; and State’s Exhibit 5, a minute entry dated June 23, 2008, in case number 07-965 in 24th Judicial District Court, showing that defendant was previously found to be a | insecond felony offender in that case using a certified copy of a prior conviction in case number 392-181.
 

 At the multiple bill hearing, Aischa Prudhomme, an expert latent fingerprint examiner, testified that she took defendant’s fingerprints in court that day (State’s Exhibit 1), and compared them to a fingerprint card contained in State’s Exhibit 2, and that it was her opinion that they matched. She also compared the fin
 
 *272
 
 gerprints contained in State’s Exhibit 1 to those contained in State’s Exhibit 3, and found that they matched as well.
 

 Defense counsel objected to State’s Exhibit 1 arguing that the best method available for taking fingerprints was not used. The trial judge overruled the objection and admitted the evidence, stating that it went to the weight of the evidence. When the State introduced State’s Exhibit 2 into evidence, defense counsel made the same objection, i.e., that the best method available for taking fingerprints was not used. The trial judge overruled the objection and admitted the evidence, finding that it was a certified record from the Department of Corrections.
 

 Afterward, the State introduced into evidence State’s Exhibit 8, the “cert-pack” from Criminal District Court, noting that the original “cert-pack” was at this Court and was admitted in case number 07-965. The State also introduced State’s Exhibit 5, a minute entry stating that that “cert-pack” was admitted in that case. Defense counsel said he would make the same objection to State’s Exhibit 3 (as he made to Exhibits 1 and 2), i.e., that the best method available for taking fingerprints was not used, and he objected to State’s Exhibit 5 because it was not certified as a true copy.
 

 The State responded that State’s Exhibit 5 was introduced only to indicate why State’s Exhibit 3 was not the original “cert-pack.” He explained that Orleans Parish suffered a “catastrophe” after Hurricane Katrina, and that the original 11¶ documents were in this Court and would not be released until the case was final. The trial judge noted defense counsel’s objection and admitted the evidence, finding that it went to the weight of the evidence.
 

 Defense counsel then renewed his objections to the State’s Exhibits, and asked the court for concurrent sentences. Following arguments of counsel, the trial judge found defendant to be a second felony offender and sentenced him to three consecutive thirty-year sentences.
 

 On appeal, defendant argues that the trial judge erred by finding him to be a second felony offender because the State only presented an uncertified copy of the prior conviction from Orleans Parish, and because there was no other competent evidence presented at the multiple bill hearing to prove his multiple offender status.
 

 In
 
 State v. Hunt,
 
 573 So.2d 585 (La.App. 2 Cir.1991), defendant argued for the first time on appeal that the guilty plea transcript was not properly certified or authenticated. The second circuit found that defendant’s failure to object to the transcript on this basis in the trial court precluded its review of that contention, citing LSA-C.Cr.P. art. 841
 
 [2]
 
 and
 
 State v. Lozier,
 
 375 So.2d 1333, 1337 (La.1979) (“Defendant did not object to the introduction of the Orleans Parish Criminal District Court Docket documents on the grounds that they were not properly certified. These bases of the objection were raised for the first time on appeal. It is well settled that a new basis for an objection cannot be raised for the first time on appeal.”).
 

 In the instant case, the record reflects that defendant did not object to State’s Exhibit 3, the prior conviction from Orleans Parish, on the basis that those documents were not certified. After the State attempted to introduce State’s 112Exhibit 3, defense counsel stated, “I would make the same objection as to number 3,” which apparently meant he was making the same objection he made to State’s Exhibits 1
 
 *273
 
 and 2, namely, that the best method available for taking fingerprints was not used. The only objection defense counsel made as to lack of certification was to State’s Exhibit 5, a minute entry. His objection to the lack of certification of State’s Exhibit 3 is raised for the first time on appeal. For this reason, we find that defendant’s failure to object to State’s Exhibit 3 on the basis of lack of certification in the trial court precludes review of that contention. LSA-C.Cr.P. art. 841;
 
 Hunt, supra; State v. Lozier, supra.
 

 The record shows that the State proved the existence of a prior guilty plea and that defendant was represented by counsel when the plea was taken. The record also shows that the State proved defendant was the same person who was convicted of the prior felony. The fingerprint expert testified that defendant’s fingerprints in State’s Exhibit 1 matched those contained in State’s Exhibit 2 (a certified copy of defendant’s incarceration records pertaining to the Orleans Parish conviction) and State’s Exhibit 3 (the documents pertaining to the conviction from Orleans Parish). The record does not reflect that defendant presented affirmative evidence showing an infringement of his rights, or a procedural irregularity in the taking of the previous plea. Thus, the record reflects that the State established by competent evidence that defendant was a second felony offender. Accordingly, this assignment of error is without merit.
 

 ERRORS PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). This review reveals errors patent.
 

 |
 
 Enhanced Sentence/Hard Labor
 

 The transcript reflects that the trial judge did not specify whether the enhanced sentences on Counts 1, 2, and 3 were to be served at hard labor; however, the commitment shows that the sentence on Count 2 was ordered to be served at hard labor. When there is a conflict, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). A court must impose a determinate sentence. LSA-C.Cr.P. art. 879. If there was some discretion allowed by the applicable sentencing statute, the failure to indicate whether the sentence was to be served at “hard labor” would be an impermissible indeterminate sentence.
 
 State v. Norman,
 
 05-794, p.8 (La.App. 5 Cir. 3/14/06), 926 So.2d 657, 661,
 
 writ denied,
 
 06-1366 (La.1/12/07), 948 So.2d 145.
 

 In
 
 State v. Stewart,
 
 10-389 (La.App. 5 Cir. 5/10/11), 65 So.3d 771, defendant was sentenced as a third felony offender to life imprisonment. His underlying conviction was first degree robbery. This Court found that, because the underlying statute required that the sentence be served at hard labor allowing no discretion to the trial judge, the error was harmless and the sentence was not an impermissible indeterminate sentence.
 
 Id.,
 
 10-389 at 20, 65 So.3d at 783-84.
 

 Likewise, in the instant case, because the underlying statute, LSA-R.S. 14:89.1, requires that the sentence be served at hard labor allowing no discretion to the trial judge, we find the error was harmless and the sentence was not an impermissible indeterminate sentence.
 
 Stewart,
 
 10-389 at 20, 65 So.3d at 783-84. However, since the commitment is incorrect, this matter is remand to the trial court which is ordered to correct the commitment to reflect that the sentences on all three counts are to be served at hard labor. Further, the Clerk of Court for the district court is ordered to transmit the original of the amended commitment to the officer |14in charge of the institution in which the defendant is incar
 
 *274
 
 cerated.
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846
 
 (per curiam).
 

 Enhanced Sentence/Parole Eligibility
 

 The transcript reflects that the trial judge ordered the enhanced sentences to be served without benefit of probation or suspension of sentence; however, the commitment reflects that the enhanced sentences were to be served without benefit of parole, probation, or suspension of sentence. The transcript prevails.
 
 Lynch, supra.
 
 LSA-R.S. 15:529.1(G) provides that the enhanced sentence is to be served without benefit of probation or suspension of sentence; however, the underlying statute, LSA-R.S. 14:89.1, provides that the sentence is to be served without benefit of parole, probation, or suspension of sentence. The restrictions imposed on parole eligibility in multiple offender sentences under LSA-R.S. 15:529.1 are those called for in the reference statute.
 
 State v. Bruins,
 
 407 So.2d 685, 687 (La.1981). However, we find that no corrective action is necessary, since the commitment correctly indicates that the enhanced sentences are to be served without benefit of parole, probation, or suspension of sentence.
 

 Multiple Offender Rights
 

 The record reflects that the trial judge did not advise defendant of his multiple offender rights, as required by LSA-R.S. 15:529.1, which provides that the trial court shall inform the defendant of the allegations contained in the bill of information and of his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. LSA-R.S. 15:529.1 implicitly requires that the trial court advise the defendant of his right to remain silent. This failure was harmless error, however, because defendant denied the allegations of the multiple bill, and because his multiple offender status was established by competent evidence offered by the State at the hearing, rather than 1 isby the admission of defendant.
 
 See State v. Muhammad,
 
 03-419 (La.App. 5 Cir. 6/29/04), 880 So.2d 29, 35,
 
 writ denied,
 
 04-2082 (La.1/7/05), 891 So.2d 669.
 

 CONCLUSION
 

 For the foregoing reasons, defendant’s conviction and sentence are affirmed. This matter is remanded to the trial court for the limited purpose of correcting the commitment as instructed above.
 

 CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS
 

 [1]
 

 . It is noted, however, that the bill of information reflects that the victim's date of birth was March 6, 1996, thereby making her only five years old at the time of the offenses.
 

 [2]
 

 . LSA-C.Cr.P. art. 841 A provides in pertinent part that "an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.”