STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0259

STATE OF LOUISIANA

VERSUS

AARON WAYNE BUSH

Judgment Rendered:  **DEC 3 0 2020**

* * * * *

On Appeal from the
22nd Judicial District Court
Parish of St. Tammany, State of Louisiana
No. 615308

The Honorable Scott Gardner, Judge Presiding

* * * * *

Warren L. Montgomery                    Counsel for the State of Louisiana
District Attorney
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, Louisiana


Richard A. Tonry, II                    Counsel for Defendant/Appellant
Slidell, Louisiana                      Aaron Wayne Bush


* * * * *

BEFORE:  HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

**WOLFE, J.**

The defendant, Aaron Wayne Bush, was charged by bill of information with operating a vehicle while intoxicated, third offense, a violation of La. R.S. 14:98(A) and La. R.S. 14:98.3. After the trial court denied his motion to quash, the defendant withdrew his original not-guilty plea and pled guilty as charged pursuant to **State v. Crosby**, 338 So.2d 584 (La. 1976). The trial court sentenced the defendant to five years imprisonment at hard labor, suspended said sentence, and imposed five years of supervised probation with special conditions.[1] The defendant now appeals, challenging the trial court's denial of his motion to quash.[2] We affirm the conviction and sentence.

## FACTS

The defendant pled guilty; therefore, there was no trial to develop the facts of the offense. Further, at the guilty plea hearing, the State did not present any facts, as the parties stipulated to the existence of a factual basis for the offense based on pretrial discovery and discussions. The bill of information states that on or about February 9, 2019, the defendant committed the instant offense "by operating a motor vehicle while under the influence of alcohol or any scheduled controlled dangerous substance or while under the influence of alcohol and one or more drugs which is not a scheduled controlled dangerous substance." The bill of information further states that this is a third offense, the defendant having previously been convicted of

---

[1] The special conditions included that the defendant: (1) serve 75 days in parish jail; (2) complete the sobriety court program of the 22nd Judicial District Court; (3) pay a fine of $2,000.00; (4) obtain a substance abuse evaluation and comply with any treatment recommendations; (5) complete a substance abuse program; (6) complete a driver-improvement program; and (7) refrain from operating a vehicle unless authorized by the court.

[2] At the time of his **Crosby** plea, the defendant did not state the specific adverse ruling he wished to appeal; therefore, appellate review is limited to evidentiary rulings that "go to the heart of the prosecution's case." See **State v. Joseph**, 2003-315 (La. 5/16/03), 847 So.2d 1196, 1197 (*per curiam*). The only adverse ruling reflected in the record is the trial court's denial of the motion to quash, which goes to the heart of the prosecution's case. Thus, the denial of the motion to quash is reviewable on appeal.

2

operating a vehicle while intoxicated on June 13, 2013, in Picayune Municipal Court, State of Mississippi under docket number MC12-04977, and on January 23, 2014,[3] in First Parish Court of Jefferson Parish under docket number F1944265.

## DISCUSSION

In his sole assignment of error, the defendant contends that his motion to quash should have been granted as to the Mississippi predicate conviction. He notes that the State only introduced a one-page, uncertified document entitled, "Uniform Municipal Court Case Criminal Record State of Mississippi Pearl River County," introduced into evidence as "State's Exhibit 1" and marked as "S1." He argues that the trial court erred in considering the Mississippi appellate pleading when no documentary evidence of an appeal was introduced into evidence at the motion to quash hearing, noting that courts cannot take judicial notice of records from other courts. He argues that Exhibit S1 is "woefully deficient" and does not satisfy the State's initial burden of proving the existence of the Mississippi predicate. He notes that Exhibit S1 does not indicate that he knowingly and voluntarily waived each of his **Boykin** rights,[4] that he was ever adjudicated guilty, or that his plea was accepted by the court. He further notes that in **State v. Longo**, 560 So.2d 530, 533 (La. App. 1st Cir. 1990), this court rejected the use of pre-printed forms like Exhibit S1 to prove a knowing waiver of constitutional rights. Finally, the defendant argues that pursuant to **State v. Parker**, 2019-0028 (La. 10/22/19), 285 So.3d 1041, 1044 (*per curiam*), his burden to produce affirmative evidence was met due to the lack of any reference to his **Boykin** rights in Exhibit S1, shifting the burden back to the State to produce a perfect transcript, which he contends the State failed to do.[5]

---

[3] The bill of information inadvertently states "2104" as the year of the Jefferson Parish conviction.

[4] **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

[5] The defendant is not challenging the Louisiana predicate conviction on appeal.

3

Prior convictions may be proved by any competent evidence. **State v. White**, 2013-1525 (La. 11/8/13), 130 So.3d 298, 300 (*per curiam*). Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defendant in the evidence of a prior conviction, such as: the testimony of witnesses; expert opinion comparing the accused's fingerprints with those of the person previously convicted; photographs contained in a duly authenticated record; or evidence of identical driver's license number, sex, race, and date of birth. **State v. Dahlem**, 2013-0577 (La. App. 1st Cir. 6/18/14), 148 So.3d 591, 597-98, aff'd, 2014-1555 (La. 3/15/16), 197 So.3d 676. Herein, the documentary evidence of the Mississippi predicate reflects that the defendant, identified by the identical full name, identical date of birth, and matching social security number as provided in the bill of information for the instant case, pled guilty to a DWI offense committed on September 11, 2012.[6]

A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. A presumption of regularity attaches to prior convictions in multiple offender DWI cases, and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. A motion to quash is the proper vehicle to attack the constitutionality of prior convictions used to enhance a DWI charge. **State v. Petersen**, 2017-1498 (La. App. 1st Cir. 4/6/18), 2018WL1663047, *2.

For a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives his privilege against compulsory self-incrimination, his right to trial and jury

---

[6]     The bill of information in the instant case contains a full name, birthdate, address, and the last four digits of a social security number, which match the last four digits of the full social security number provided in Exhibit S1. Exhibit S1 contains the signatures of all parties, including the defendant, the defendant's attorney, the prosecuting attorney, and the judge, at the bottom of the document.

trial where applicable, and his right to confront his accuser. **State v. Verdin**, 2002–2671 (La. App. 1st Cir. 2/3/03), 845 So.2d 372, 375 (*per curiam*); see **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Additionally, an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense absent a knowing and intelligent waiver of counsel. **State v. Cadiere**, 99-0970 (La. App. 1st Cir. 2/18/00), 754 So.2d 294, 297, writ denied, 2000-0815 (La. 11/13/00), 774 So.2d 971.

In **State v. Carlos**, 98-1366 (La. 7/7/99), 738 So.2d 556, the Louisiana Supreme Court eased the State's burden of proving a prior DWI guilty plea as a predicate offense for enhancement purposes. Specifically, the court held that the burden-shifting principles of **State v. Shelton**, 621 So.2d 769 (La. 1993), are applicable to multiple-offense DWI cases. Under this burden-shifting scheme, when a defendant challenges the constitutionality of a conviction being used to enhance a present DWI offense, the State has the initial burden of proving the existence of the prior guilty plea and that the defendant was represented by counsel at the time of the plea. **Carlos**, 738 So.2d at 559.

If the State meets its initial burden, the burden shifts to the defendant to produce affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the plea. **Carlos**, 738 So.2d at 559. The defendant "can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other *affirmative* evidence." **Shelton**, 621 So.2d at 779 n.24 (emphasis added). "The [S]tate's own documentary evidence introduced to prove the fact of conviction may also satisfy the defendant's burden of production if it *affirmatively* reveals a **Boykin** defect in the proceedings." **Parker**, 285 So.3d at 1044 (quoting **State v. Clesi**, 2007-0564 (La. 11/2/07), 967 So.2d 488, 489 (*per curiam*)) (emphasis added).

5

If the defendant's burden is met, then the burden reverts to the State to prove the constitutionality of the plea. **Carlos**, 738 So.2d at 559. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea – one that reflects a colloquy between the judge and the defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three **Boykin** rights. **Shelton**, 621 So.2d at 779-80. The purpose of the **Shelton** rule is to sharply demarcate the differences between direct review of a conviction resulting from a guilty plea, in which the appellate court may not presume a valid waiver of rights from a silent record, and a collateral attack on a final conviction used in a subsequent recidivist proceeding, as to which a presumption of regularity attaches to promote the interests of finality. **State v. Deville**, 2004-1401 (La. 7/2/04), 879 So.2d 689, 691 (*per curiam*).

When a trial court denies a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion. **State v. Passow**, 2013-0341(La. App. 1st Cir. 11/1/13), 136 So.3d 12, 14. However, a trial court's legal findings are subject to a *de novo* standard of review. See **State v. Smith**, 99-0606, (La. 7/6/00), 766 So.2d 501, 504.

In denying the motion to quash in this case, the trial court pertinently stated :

> All right. I've reviewed the motion to quash and I reviewed both of the convictions submitted by the State, which apparently are the predicates for this to be a third offense. I'm familiar with the burden shifting requirements of [**Carlos**], and [its] extensive progeny since 1999. And thus, with regard to the out of state conviction, I find that

the State has borne [its] initial burden of proving the existence of the conviction, as well as representation by counsel, Richard Fitzpatrick. I further note, with regard to that, that in addition to the defendant being present, counsel present, and the defendant's guilty plea being listed, it clearly indicates the sentence imposed and further documents indicate that that conviction was appealed and that that appeal was dismissed. It defies logic how somebody could not be convicted, but then, appealed, and not be convicted and be sentenced.

Based upon the totality of those documents, I find that the existence has been proven by the State, and there's been no affirmative showing of an infringement of any particular constitutional right on the part of the defendant.

We note that the record reflects that the defendant did not object to Exhibit S1 on the basis that the document was not certified. It is well settled that a new basis for an objection cannot be raised for the first time on appeal. Thus, to the extent that the defendant now, for the first time on appeal, raises the lack of certification of Exhibit S1, we find that defendant's failure to object to the exhibit on the basis of lack of certification in the trial court precludes review of that contention. La. Code Crim. P. art. 841; **State v. Lozier**, 375 So.2d 1333, 1337 (La. 1979); **State v. Alvarez**, 2011-223 (La. App. 5th Cir. 11/15/11), 78 So.3d 265, 272-73, writ denied, 2011-2767 (La. 4/13/12), 85 So.3d 1245.

We also note that the instant case is distinguishable from **Parker**, cited by the defendant on appeal. In **Parker**, the documentary evidence presented by the State to prove the existence of the predicate showed the defendant therein was informed of his **Boykin** rights. However, it further affirmatively showed that he only waived his right to a jury trial and did not waive his right to his privilege against compulsory self-incrimination or his right to confront his accuser. Thus, the documentary evidence was found sufficient to prove a defect in the plea colloquy in satisfaction of the defendant's burden and to shift the burden back to the State to prove the constitutionality of the plea. Once the burden shifted back to the State, the Louisiana Supreme Court found that the State failed to meet its burden to prove that the defendant's prior out-of-state guilty plea was knowing, voluntary, and made with an

7

articulated waiver of constitutional rights, "[b]ecause the State rested on [its] documentary evidence and produced nothing else." **Parker**, 285 So.3d at 1044. In the instant case, the documentary evidence presented by the State, Exhibit S1, does not contain a reference to any of the three **Boykin** rights or the defendant's waiver thereof. Thus, unlike **Parker**, the State's documentary evidence does not, in this case, *affirmatively* show an infringement of the defendant's rights or a procedural irregularity in the taking of the plea so as to relieve the defendant of his burden to produce some affirmative evidence of a defect in the plea.

Additionally, we note that **Longo**, another case cited by the defendant, predates **Shelton** and **Carlos**, which established the burden-shifting rule easing the State's burden of proof. In **Longo**, this court held,

> In our view, under circumstances such as those presently before us, wherein a transcript of the plea of guilty is not introduced in evidence, the state may not rely upon a pre-typed, pre-printed, or otherwise pre-fabricated fill-in-the-blank *extract* of the minutes of the court in which a predicate conviction occurred to prove a valid and knowing waiver of constitutional rights, because such an extract is not a true minute entry, *i.e.,* a contemporaneous record of the prior proceeding. Instead, a copy of the *actual* minute entry itself must be introduced to prove advice of and a valid waiver of **Boykin** rights.

**Longo**, 560 So.2d at 533 (citations omitted). However, under the burden-shifting framework now followed by our courts, this court's conclusion in **Longo** that the pre-printed form was inadequate to prove a constitutional plea could only be reached once the defendant *affirmatively* showed a defect in the plea proceedings.

Subsequently, in **Carlos**, the supreme court cited **Longo** as an example in noting that numerous collateral challenges to the constitutional validity of prior convictions used for sentence enhancement were spawned when the three-right articulation rule was extended to apply to multiple offender DWI cases. See **State v. Jones**, 404 So.2d 1192, 1196 (La. 1981) (wherein the Louisiana Supreme Court extended the three-right articulation rule of **State ex rel Jackson v. Henderson**, 260 La. 90, 255 So.2d 85 (1971), which interpreted **Boykin**, to the taking of

8

misdemeanor guilty pleas in Louisiana).  As the **Carlos** court went on to note, the presumption of regularity that attaches to prior convictions prompted the court to subsequently revisit the previous system of placing the entire burden on the State to prove the validity of prior convictions.  **Carlos**, 738 So.2d at 559-60.

In **State v. Stewart**, 27,049 (La. App. 2d Cir. 5/10/95), 656 So.2d 677, <u>writs</u> <u>denied</u>, 95-1764, 95-1768 (La. 12/8/95), 664 So.2d 420, the defendant appealed his adjudication as a habitual offender, contending the State failed to meet its burden under **Shelton** as to three Maryland prior convictions.  Regarding his guilty plea to robbery and a jury trial conviction of a third-degree sex offense, the defendant argued the State did not meet its initial burden in that the court minutes did not show representation by counsel at the time of the convictions.  Finding merit in that complaint, the appellate court noted that on both convictions, neither set of minute entries reflected the presence of the defendant's court-appointed public defender.  **Stewart**, 656 So.2d at 681.  However, the appellate court rejected the defendant's argument regarding his third Maryland conviction, a guilty plea to escape.  Specifically, the defendant argued the State failed to show he was advised of his rights under **Boykin** at the taking of the guilty plea.  In finding that the defendant's contention ignored the **Shelton** court's design for preserving the presumption of regularity in final judgments, the appellate court stated:

> His proposed course, viz., allowing a defendant to simply rely upon the absence of a **Boykin** notation within the minute entry, would disregard that presumption and essentially reinstate the prior jurisprudence that placed the entire burden of proof upon the state.  Contrarily, **Shelton** requires *affirmative* evidence from the defendant and indicates that he can attempt to meet his burden "with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence." **State v. Shelton**, supra, at 779, fn. 24.  Here, [the defendant's] reliance on the alleged deficiency in the prosecution's evidence is misplaced.  In fact, the situation before us presents exactly the circumstance under which the presumption is intended to operate.

**Stewart**, 656 So.2d at 682.

9

In **State v. Balsano**, 2009-0735 (La. 6/19/09), 11 So.3d 475, 476-84 (*per curiam*), the defendant challenged the validity of an out-of-state guilty plea used to enhance his DWI conviction. Specifically, he contended that the transcript of the guilty plea colloquy conducted by the trial judge revealed that the court failed to advise him of his privilege against compulsory self-incrimination. The Louisiana Supreme Court tracked the extensive history following **Boykin** and ultimately concluded that for guilty pleas entered in Louisiana before December 8, 1971, and for all non-Louisiana guilty pleas, a defendant on collateral attack must show more than a mere violation of the three-right articulation rule of **Boykin** and **Jackson**. Rather, the **Balsano** court stated, a defendant must show, "that his guilty plea was not voluntary as a constitutional matter, *i.e.*, that it did not represent a knowing and voluntary choice among available alternatives." **Balsano**, 11 So.3d at 482.

Subsequently, in **State v. Morgan**, 2013-1495 (La. 2/28/14), 134 So.3d 1160 (*per curiam*), the Louisiana Supreme Court found that the State could use a prior non-Louisiana guilty plea for enhancement purposes even though the State introduced a waiver of rights form that did not contain the judge's signature, and there was no transcript of the plea proceedings nor a minute entry showing a guilty plea colloquy during which the defendant was informed of his rights. The court noted that the defendant and his attorney signed the waiver of rights form which enumerated the trial rights waived by a guilty plea. The court further noted that the defendant did not claim that he was not informed of his **Boykin** rights by the court or that he did not understand them, only that no proof existed in those respects. Citing **Balsano**, the court stated that the defendant "failed to produce any affirmative evidence that the contemporaneous statements of counsel on the waiver form did not reliably establish the knowing and voluntary [*sic*] of the guilty plea as a waiver of the enumerated trial rights both he and counsel acknowledged by signing the form." **Morgan**, 134 So.3d at 1161-62.

10

Herein, Exhibit S1 indicates that the defendant was represented by counsel named therein and details the sentence imposed on the plea, signifying its acceptance by the court. Hence, we find that the State met its initial burden of establishing the existence of the predicate offense and that the defendant was represented by counsel at the plea. Once the State met its initial burden of establishing the fact of the guilty plea and that the defendant was represented by counsel at the plea, the burden shifted to the defendant to show that the guilty plea was not voluntary as a constitutional matter, meaning that it did not represent a knowing and voluntary choice among available alternatives. Nothing in the Mississippi document establishes, or even suggests, that the defendant's plea of guilty did not represent a knowing and voluntary choice among available alternatives. The defendant offered no evidence on this issue, instead arguing that his burden of producing affirmative evidence was met by merely pointing out that the State's documentation failed to reveal a **Boykin** colloquy. However, under the burden-shifting principles of **Shelton/Carlos**, to meet his burden of proof, the defendant may not simply rely on the absence of a recitation of his **Boykin** rights in the documentation presented by the State. See **State v. Richard**, 2016-525 (La. App. 3d Cir. 4/5/17), 216 So.3d 1128, 1136. As the defendant failed to meet his burden of proof, the burden never shifted back to the State to prove the constitutionality of the plea. We find no error in the trial court's denial of the defendant's motion to quash.[7] The sole assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[7] To the extent that the trial court considered the appellate record of the appeal of the Mississippi guilty plea, not introduced into evidence, we find such error harmless because the State met its initial burden of proving the existence of the guilty plea even without such consideration. A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. La. Code Crim. P. art. 921.