758 So.2d 905 (2000)
STATE of Louisiana
v.
Lyle Raheem JONES.
No. CR99-1074.
Court of Appeal of Louisiana, Third Circuit.
March 8, 2000.
Rehearing Denied May 10, 2000.
Francis A. Olivier, Olivier & Brinkhaus, Sunset, LA, Counsel for Defendant/Appellant, Lyle Raheem Jones.
*906 Earl Taylor, District Attorney, District Attorney's Office, Opelousas, LA, Counsel for Plaintiff/Appellee, State of Louisiana.
(Court composed of Judge ULYSSES GENE THIBODEAUX, Judge JOHN D. SAUNDERS and Judge MARC T. AMY).
SAUNDERS, Judge.
Lyle Raheem Jones, hereinafter "Defendant," pled guilty to two counts of attempted first degree murder in exchange for the State dismissing a charge of conspiracy to commit first degree murder and recommending concurrent sentences. Defendant was sentenced to forty years at hard labor without the benefit of parole, probation, or suspension of sentence on each count, to run concurrent to each other.
Defendant now appeals and alleges that his sentence is excessive and, further, that his plea was not knowingly and intelligently made because he was not informed of the nature of the charges and the maximum sentences for the offenses. After a review of the record, we find Defendant's sentence was neither excessive nor his plea unconstitutionally made.

LAW AND DISCUSSION

I. Adequacy of Defendant's plea
La.Code Crim.P. art. 556.1(A) requires the trial judge to inform a defendant of the "nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." In this case, a review of the record reveals that the trial court adequately informed Defendant of the nature of the charges to which he was pleading as required. The plea colloquy transpired as follows:
BY THE COURT:
Q: Lyle Raheem Jones, you're charged in Count I with attempted first degree murder of Raven Richard; Count II, attempted first degree murder of Liza Jackson; Count III, conspiracy to commit first degree murder with a minor in violation of R.S. 14:26 and 14:30. You, as I understand it, are going to plead to attempted first degree murder of Raven Richard and attempted first degree murder of Liza Jackson. You understand that?
A: Yes, sir.
Q: The bargain in this case between you and the district attorney's office is you're to receive concurrent sentences. You understand that? You know what that means?
A: Yes, sir.
Q: We're gonna talk about that a little later on. You understand though that you could be sentenced on these charges on each one of these counts not less than ten, no more than fifty years at hard labor? You understand that?
A: Yes, sir.
A review of the record reveals that the requirements of La.Code Crim.P. art. 556.1 were met. There is simply nothing to indicate that Defendant was not adequately informed as to the nature of the crime or the sentencing exposure which would result from his plea of guilty.

II. Excessiveness of sentence
In the transcript of sentencing, the trial judge discussed the following:
He has an extensive juvenile record. With the sentencing objectives of deterrence, public protection and rehabilitation in mind and the sentencing guidelines of Article 894.1, I make these observations about the defendant. He is in need of a custodial environment. I'm satisfied of that. The defendant's conduct during the commission of the offense manifested deliberate cruelty to the victims.... He created a risk of harm to more than one person. Not only harm but death. These two girls almost died.... Considering the defendant's past criminal record, the gravity of the crime, the fact that the two young girls were severely *907 and seriously injured, almost died by a firearm, the fact that the defendant has an extensive juvenile record, public protection appears to be the most viable sentencing objective in this case - in these cases.
It is apparent that the trial judge sufficiently took into consideration the elements of La.Code Crim.P. art. 894.1. Defendant plead guilty to two charges of attempted first degree murder. The penalty section of first degree murder, La.R.S. 14:30, provides that "[w]hoever commits the crime of first degree murder shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in accordance with the determination of the jury." La.R.S. 14:27(D) provides that "[w]hoever attempts to commit any crime shall be punished as follows":
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence;
The trial judge sentenced Defendant to serve forty years at hard labor on each count without the benefit of parole, probation, or suspension of sentence to run concurrently with each other and with the ten year sentence Defendant is currently serving. Trial judges are given wide discretion in imposing sentences, and a sentence imposed within statutory limits will not be deemed excessive in absence of manifest abuse of discretion; however, maximum sentences are reserved for the most egregious offenders. State v. Banks, 95-1210 (La.App. 3 Cir. 6/25/97); 699 So.2d 418. We find no manifest abuse of discretion in the trial judge's sentencing, nor do we find the sentence disproportionate to the seriousness of the crimes; accordingly we affirm Defendant's conviction.

CONCLUSION
For the foregoing reasons, we find Defendant's plea of guilty to be constitutionally valid and his two concurrent sentences of forty years at hard labor, without benefit of parole, probation or suspension of sentence, and running concurrently with the sentence Defendant is presently serving, constitutionally sound.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.
THIBODEAUX, J., dissenting.
Louisiana Code of Criminal Procedure Article 556.1(A) requires the trial judge to inform a defendant of the "nature of the charge to which the plea is offered, the mandatory minimum penalty, provided by law, if any, and the maximum possible penalty provided by law." To inform an accused of the charge to which he is pleading is not tantamount to informing the accused of the "nature of the charge." That statutory provision is mandatory. Informing a defendant of the "nature of the charge" is to inform him of what that charge encompasses. No where does the record indicate this. Additionally, the trial court failed to inform the defendant that his sentences would be served without benefit of probation, parole or suspension of sentence, also a violation of Article 556.1(A)(1). Further, the record lacks any evidence that either defense counsel, the trial court, the prosecution, or anyone else discussed the nature of the crime or the sentencing exposure with the defendant.
The defendant in this case has specifically alleged that his guilty plea was not knowingly and intelligently made because the trial court did not advise him of the nature of the charges against him and the maximum sentence he faced. In State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982), the Louisiana Supreme Court reversed a defendant's conviction because he was not informed of the maximum sentence exposure. As the requirements of *908 La.Code Crim.P. art. 556.1 are mandatory and a defendant specifically raises this issue on appeal, the error is not subject to a harmless error analysis. The trial court's omissions are reversible error requiring that the plea be vacated.
For the foregoing reasons, I respectfully dissent.