772 So.2d 356 (2000)
STATE of Louisiana
v.
William R. BAMBURG.
No. 00-675.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
Don M. Burkett, District Attorney, Many, LA, Counsel for the State.
Lawrence C. Billeaud, Louisiana Appellate Project, Lafayette, LA, Counsel for Defendant.
(Court composed of BILLIE COLOMBARO WOODARD, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.)
SULLIVAN, Judge.
On September 28, 1999, William Bamburg was convicted by a jury of attempted armed robbery in violation of La.R.S. 14:27 and 14:64. On March 16, 2000, he was sentenced to serve five years at hard labor with credit for time served. He now seeks review of his sentence.

ASSIGNMENT OF ERROR
Defendant asserts that the trial judge inadvertently sentenced him to serve double the statutory minimum sentence when he actually intended to impose the minimum statutory sentence. Defendant failed to object orally at sentencing and did not timely file a motion to reconsider sentence; therefore, his claim for excessiveness of sentence is barred. See La.Code Crim.P. art. 881.1. See also, State v. Davis, 97-331 (La.App. 3 Cir. 10/29/97); 702 So.2d 1014; writ denied, 97-2990 (La.11/6/98); 726 So.2d 919 (citing State v. Reeves, 619 So.2d 543 (La.1993)). Accordingly, this assignment of error is without merit.
We note that the trial court did not impose Defendant's sentence without benefit of probation, parole, or suspension of sentence as mandated by La.R.S. 14:64. Previously, this would have been treated as an illegally lenient sentence. However, pursuant to the provisions of La.R.S. 15:301.1, which became effective August 15, 1999, the sentence imposed by the trial court is deemed to contain those provisions.
Accordingly, Defendant's sentence of five years at hard labor without benefit of parole, probation, or suspension of sentence and with credit for time served is affirmed.
AFFIRMED.