JUDE G. GRAVOIS, Judge.
| ¡.Defendant, Phillip Dussett, Jr., was convicted of attempted first degree murder, a violation of LSA-R.S. 14:27:30. On appeal, he argues that his sentence is unconstitutionally excessive. He also argues that if this Court is precluded from reviewing his sentence for constitutional exces-siveness because of his trial counsel’s failure to file a motion to reconsider sentence, then this Court should find that his trial counsel rendered him ineffective assistance of counsel. For the following reasons, we find no merit to either of defendant’s assignments of error, and accordingly affirm his sentence.

PROCEDURAL HISTORY

On January 26, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Phillip Dussett, Jr., with attempted second degree murder of Conway Dennis, in violation of LSA-R.S. 14:27:30.1. On January 27, 2009, defendant was arraigned and entered a plea of not guilty. After discovery and pre-trial motions, on August 24, 2010, the State filed a superseding bill of | .information charging defendant with attempted first degree murder of Conway Dennis, in violation of LSA-R.S. 14:27:3o.[1] Defendant was arraigned on the new charge and entered a plea of not guilty.
The matter proceeded to a jury trial on August 1, 2011. On August 3, 2011, the jury returned a verdict against defendant of guilty as charged. Co-defendant, Deiv-on Trim, was also charged in both bills of information, and was also found guilty as charged with attempted first degree murder. On September 6, 2011, defendant filed a Motion in Arrest of Judgment and Alternatively Motion for New Trial. On September 22, 2011, the trial court heard and denied the motion. That same day, the trial court sentenced defendant to forty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. On September 28, 2011, the trial court granted defendant’s appeal.

*1206
FACTS

During the evening of October 18, 2008, Officer Brad Boyd of the Kenner Police Department responded to reports of gunfire in the 3100 block of Helena Street in Kenner. When he arrived, Officer Boyd discovered a deceased black male, later identified as Frankie Williams. Detective George Hoffmann of the Kenner Police Department, the lead investigator of the Williams murder, conducted an interview with Conway Dennis concerning the Williams murder. Mr. Dennis told Detective Hoffmann that he observed defendant and Mr. Trim in the area prior to the murder.[2] At trial of the instant matter, Mr. Dennis testified that he was with Frankie Williams, his cousin, moments before he was shot. He stated that he left Frankie to go to the store, and as he walked away, he saw defendant, 14Mr. Trim, and two other individuals walking in Frankie’s direction. On his way back from the store, Mr. Dennis learned that Frankie had been shot. At trial, surveillance footage from an apartment complex near the murder scene was played. The video was time stamped at 11:13 p.m. on October 18, 2008, and Mr. Dennis identified defendant and Mr. Trim in the footage.
Approximately one month later, on November 20, 2008, around 8:00 p.m., Mr. Dennis was on his bike on his way to meet a friend when he encountered a man named Tyson on Clemson Drive, about a mile from the Frankie Williams murder scene on Helena Street. Tyson, who had known Mr. Dennis since he was younger, told him, “I think it’s about time for you to leave — leave from around here.” Mr. Dennis got on his bike and started to leave when he noticed defendant and Mr. Trim approaching him. As he attempted to elude them, both defendant and Mr. Trim, each with a gun, started shooting at him. Mr. Dennis escaped without physical injuries and reported the incident to the police soon after he got home.
Later that evening, Officer Boyd responded to a report of gunfire in the 200 block of Clemson Drive. When Officer Boyd arrived on the scene, he located eleven spent 9-mm shell casings. A witness on the scene advised Officer Boyd that he had observed two black males running from the scene firing weapons at somebody else who was running ahead of them.
Mr. Dennis identified defendant and Mr. Trim as his assailants. Defendant was subsequently arrested and denied any knowledge of Frankie Williams’ murder or the attempted murder of Mr. Dennis. At trial, Mr. Dennis stated that he was one hundred percent sure that defendant shot at him on November 20, 2008.
| ¡ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Defendant argues that the trial court erred in imposing a sentence herein that is unconstitutionally excessive. Defendant also argues that the failure of trial counsel to file a motion to reconsider the sentence should not preclude this Court from considering the constitutionality of the sentence; and, in the event that it does, such failure of trial counsel constitutes ineffective assistance of counsel.
First, trial counsel’s failure to file a motion to reconsider sentence does not preclude this Court from performing the requested review of defendant’s sentence. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, merely limits a defendant to a review of the sentence for constitutional excessiveness only, *1207 which is what defendant requests on appeal. State v. Hunter, 10-552, pp. 4-5 (La.App. 5 Cir. 1/11/11), 59 So.3d 1270, 1272; State v. Alvarez, 08-558, p. 5 (La.App. 5 Cir. 8/31/10), 47 So.3d 1018, 1022. Because this Court is not precluded from undertaking the review requested on appeal, trial counsel’s omission does not constitute ineffective assistance of counsel under the Strickland standard.[3] See State v. Pendelton, 96-367, p. 30 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 159, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450; see also State v. Prudhomme, 02-0511, p. 16 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, 1177, writ denied, 02-3230 (La.10/10/03), 855 So.2d 324.
Nevertheless, a defendant may have a basis to claim ineffective assistance of counsel when he can show a reasonable probability, that but for defense counsel’s error, his sentence would have been different. See Pendelton, 96-367 at 30, 696 So.2d at 159; Prudhomme, 02-0511 at 16, 829 So.2d at 1177. Upon review, we [«find that defendant has failed to make the requisite showing. The judge’s comments at the sentencing hearing show that the judge deviated, on his own accord and without urging from defendant, from the pre-sentence investigation’s recommended sentence of the maximum of fifty years at hard labor, showing leniency with his sentence of forty years at hard labor. As such, defendant has not shown to a reasonable probability that but for trial counsel’s omission, he would have received a lesser sentence upon reconsideration. Accordingly, defendant has not shown that his trial counsel rendered ineffective assistance.
Defendant further argues that the sentence imposed is unconstitutionally excessive. In support of this, he points out that prior to trial, he was offered a plea agreement in which he would have received a sentence of ten years. The State responds that defendant’s sentence is within the statutory range, is in proportion to the severity of the crime, and is supported by the record. Thus, the State contends that the trial judge did not abuse his discretion in imposing the sentence.
 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another ^sentence might have been more appropriate. State v. Dorsey, 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332, p. 15 (La.App. 5 *1208 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (8) the sentence imposed for similar crimes by the same court and other courts. Pearson, 07-332 at 15-16, 975 So.2d at 656.
Defendant’s sentence is within the statutory limits. At the time of the offense,[4] LSA-R.S. 14:30(0(2) provided: “If the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.” In addition, LSA-R.S. 14:27(D)(l)(a) provided: “If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence.” Accordingly, defendant was eligible for a maximum sentence of fifty years; he was sentenced to forty years.
Considering the nature of the crime, in the instant case, the evidence indicates that defendant attempted to inflict serious bodily harm or death when he fired a handgun numerous times at Mr. Dennis. Further, he acted in an attempt to silence Mr. Dennis, who had accused him of murdering Frankie Williams.
A pre-sentence investigation report revealed that defendant had five previous delinquency adjudications as a juvenile and more than twenty arrests as an adult that included numerous crimes against the person. As a juvenile, defendant was adjudicated delinquent for the offenses of first degree robbery, simple robbery, |ssimple battery, and resisting an officer. As an adult, defendant was arrested for attempted second degree murder, armed robbery, aggravated assault, aggravated assault with a firearm, simple battery, simple battery with injury, simple battery with domestic violence, second degree battery, and battery on a police officer.[5] Thus, the State showed that defendant had an extensive and violent criminal past.
Last, regarding sentences imposed for similar crimes by the same court and other courts, in State v. Carter, 34,677, pp. 8-9 (La.App. 2 Cir. 5/9/01), 787 So.2d 509, 516, writ denied, 01-1707 (La.5/3/02), 815 So.2d 93, the defendant was convicted of attempted first degree murder and was sentenced to forty years at hard labor without the benefit of parole, probation, or suspension of sentence. The Second Circuit affirmed his sentence, finding the record provided adequate support:
[Defendant] planned a racially-motivated murder-robbery; he purposefully tricked his victim to a secluded spot; he shot him and beat him on the head, thus manifesting deliberate cruelty; [defendant] then left [the victim] for dead after taking items from his car. In addition to a lengthy hospital stay, [the victim] suffered the loss of an eye for the balance of his life as a result of [defendant’s] attack.
Id., 34,677 at 8-9, 787 So.2d at 515-16.
In State v. Jones, 99-1074, pp. 2-3 (La.App. 3 Cir. 3/8/00), 758 So.2d 905, 906-07, writ denied, 00-1843 (La.8/31/01), 795 So.2d 1202, the defendant pled guilty to two counts of attempted first degree murder and was sentenced on each count to *1209 forty years at hard labor without the benefit of parole, probation, or suspension of sentence. The Third Circuit, finding that the trial judge sufficiently took into consideration the elements of LSA-C.Cr.P. art. 894.1, affirmed the defendant’s sentences. Id., 99-1074 at 2-3, 758 So.2d at 907. The court noted the defendant’s deliberate cruelty and his extensive juvenile record.
19The instant case differs from the foregoing cases in that the victim here was not physically injured. However, the fact that Mr. Dennis was not injured should not diminish defendant’s punishment. Given defendant’s criminal history and the malicious intent with which he acted, similar to Carter and Jones, the record supports the imposition of the maximum sentence. However, the trial court chose a course of leniency, stating:
I’m going to give you an opportunity to have some sort of an incentive to get out while you have some quality years ahead of you, but I’m going to consider your lengthy criminal history and the nature of the crime for which you were convicted and the fact that it was an attempted first degree murder.
In view of the foregoing, we find that the record adequately supports the sentence imposed and that the trial court did not abuse its discretion in sentencing defendant to forty years imprisonment at hard labor. Accordingly, we find no merit to the assertion that defendant’s sentence is unconstitutionally excessive.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note that the transcript indicates that the trial court failed to inform defendant of the prescriptive periods for applying for post-conviction relief under LSA-C.Cr.P. art. 930.8. This Court hereby advises defendant that he has two years from the date his conviction and sentence are final under the provisions of LSA-C.Cr.P. arts. 914 or 922 in which to seek post-conviction relief. See State v. Ramsey, 10-333, p. 10 (La.App. 5 Cir. 1/25/11), 60 So.3d 36, 42; State v. Davenport, 08-463, p. 10-11 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 10 So.3d 473.
11 ^CONCLUSION
For the foregoing reasons, defendant’s sentence is affirmed.

AFFIRMED

. The superseding indictment was based upon the information that Conway Dennis, the victim, had accused defendant of murdering Frankie Williams. This would be a violation of LSA-R.S. 14:27:30(A)(9).

. On cross-examination, Detective Hoffmann acknowledged that his report does not indicate that defendants were on the murder scene.

. According to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The defendant must show that (1) his counsel’s performance was deficient, and (2) the deficiency prejudiced him.

. It is well settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520.

. The pre-sentence investigation report indicates that prosecution of these offenses was either refused or no record of prosecution thereof was found.