NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-201

STATE OF LOUISIANA

VERSUS

MALCOLM JARMAN RHODES

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12148-12
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.

**John Foster DeRosier**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**Fourteenth Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Malcolm Jarman Rhodes**

**EZELL, Judge.**

Defendant, Malcolm J. Rhodes, was indicted on April 5, 2012, for aggravated rape of an eleven-year-old girl, a violation of La.R.S. 14:42. On November 27, 2012, the indictment was amended to reflect a charge of felony carnal knowledge of a juvenile, a violation of La.R.S. 14:80. On November 27, 2012, Defendant pled guilty to felony carnal knowledge of a juvenile.

Defendant was sentenced on January 18, 2013, to ten years at hard labor, five years suspended, and five years of supervised probation upon release, plus court cost, fines, and other special conditions. Defendant was also ordered to register as a sex offender for fifteen years upon release. Defendant filed a "Motion to Reconsider Sentence" on February 15, 2013, which was denied without written reasons.

Defendant appeals and alleges that the sentence imposed is excessive under the circumstances of his case. For the following reasons, the court will preclude review of the excessive sentence claim since Defendant did not raise the issue in his motion to reconsider the sentence or object to the sentence at the sentencing hearing.

## FACTS

Defendant pled guilty and, the facts recited in support of Defendant's guilty plea, are as follows:

> If called to trial, the State would prove between the dates of September 1, 2010 and November 30, 2010 this defendant did violate LSA R.S. 14:80 in that he being over the age of 17 did have sexual relations with a person under the age of 17 who is not his spouse and where there is an age difference of greater than four years, Your Honor, all occurring in the Parish of Calcasieu.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

Defendant argues that since he was sixteen at the time he had sexual intercourse with an eleven-year-old girl, the sentence of five years imprisonment, with five years of supervised probation upon release, is excessive.

Defendant filed a "Motion to Reconsider Sentence," but did not raise the issue of excessiveness of the sentence, nor did he object to the excessiveness of the sentence at the sentencing hearing. Pursuant to La.Code Crim.P. art. 881.1(E):

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Accordingly, the court chooses to preclude review of the sentence.

Additionally, in *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence. Thus, this court found his claim of excessiveness of sentence was barred.

The trial court did not abuse its considerable discretion when it sentenced Defendant. A ten-year sentence of imprisonment, with five years suspended and five years of supervised probation, in the case of a sixteen-year-old raping an eleven-year-old and threatening to harm her if she told, is not such that would shock this court's sense of justice.

2

**DECREE**

The court chooses to preclude review of the sentences for failure to include grounds in the motion to reconsider the sentence as to why the sentence is constitutionally excessive. Thus, the court affirms the sentences.

**AFFIRMED.**

This opinion is NOT DESIGNATION FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.