NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-557

STATE OF LOUISIANA

VERSUS

CHARLES EDWARD JACKSON
A/K/A CHARLES E. JACKSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 316,659
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.

AFFIRMED AS AMENDED.

**J. Phillip Terrell**
**District Attorney**
**Brian D. Cespiva**
**Assistant District Attorney**
**Post Office Drawer 1472**
**Alexandria, Louisiana  71309**
**(318) 473-6650**
**Counsel for Appellee:**
     **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana  70505-3733**
**(337) 237-6841**
**Counsel for Defendant/Appellant:**
     **Charles Edward Jackson**

**KEATY, Judge.**

Defendant, Charles Edward Jackson, appeals his sentence for attempted second degree murder. For the following reasons, we affirm as amended.

## FACTS AND PROCEDURAL BACKGROUND

Defendant attempted to kill Imad Isa on April 28, 2013, while possessing a firearm. This occurred in Alexandria, Louisiana, during the early morning hours at a convenience store which Isa owns and where he was working at that time. Specifically, Defendant entered the store, purchased gin from Isa, and left. Defendant returned a few minutes later and complained that Isa gave him the wrong type of gin. Isa told Defendant that he could not return or exchange the gin since the bottle had already been opened. Defendant exited the store again, got into his car, and drove around to the back of the store. Defendant subsequently walked to the front of the store with a gun, pointed it towards the store and Isa, and fired multiple shots. Although the bullets went into the store, none of them hit Isa.

Defendant was charged with attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. He was also charged with possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1, because he had previously been convicted of two prior felonies. Following a three-day jury trial which began on August 12, 2014, Defendant was found guilty on both charges. He was sentenced to serve forty years at hard labor for his attempted second degree murder conviction and twenty years at hard labor for his possession of a firearm by a convicted felon conviction. He received credit for time already served, and the remainder of his sentences was ordered to run concurrently without the benefit of probation, parole, or suspension of sentence.

On October 29, 2014, Defendant filed a Motion for Reconsideration of Sentence pursuant to La.Code Crim.P. art. 881.1, asking the trial court to review and "amend his sentence of 40." Although he failed to state any basis for his motion, he indicated that he wanted to preserve the issue for appellate review. Defendant's motion was denied on November 13, 2014, since he "failed to articulate a claim upon which relief can be granted[.]" He subsequently appealed his sentence.

On appeal, and in his only assignment of error, Defendant contends that his forty-year sentence was constitutionally excessive.

## DISCUSSION

### I.    Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent. The trial court's minutes conflict with the sentencing transcript with respect to which conviction the $1,000.00 fine was imposed. Specifically, the trial court's minutes state:

> Court sentenced accused for MURDER 2, ATTEMPTED. Accused is to pay a fine of 1000.00 - Concurrent. . . . Due by September 29th 2014. Default 30 days Parish Prison. . . . Court sentenced accused for FIREARM POSS. BY FELON. Accused is to pay a fine of 1000.00 - Concurrent. . . . Due by September 29th 2014. Default 30 days Parish Prison.

The sentencing transcript states:

> [O]n Attempted Second Degree Murder I'm gonna sentence Mr. Jackson to forty years without benefit of parole, probation, or suspension of sentence. On Possession of a Firearm I'm gonna sentence Mr. Jackson to twenty years, this is all at hard labor without benefit of parole, probation or suspension of sentence. I order that he pay a thousand dollar fine due and payable today or do thirty days parish time. All of this is to run concurrent.

2

With respect to attempted second degree murder, neither La.R.S. 14:27 nor 14:30.1 allows for imposition of a fine. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, we order the trial court to amend its sentencing minute entry to correctly reflect that the $1,000.00 fine was not imposed on the attempted second degree murder sentence.

## II.   Excessive Sentence

In his only assignment of error, Defendant contends that his forty-year sentence at hard labor without the benefit of probation, parole, or suspension of sentence is constitutionally excessive. After the imposition of his sentence, Defendant filed a motion to reconsider sentence although he failed to state a specific ground for relief. The "[f]ailure . . . to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). We used the foregoing statute to bar a defendant's excessive sentence claim in *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356. We based our holding upon the fact that the defendant failed to object to the sentence imposed at the sentencing hearing and he failed to timely file a motion to reconsider sentence. *Id.* According to *Bamburg*, 772 So.2d 356, and La.Code Crim.P. art. 881.1(E), we find that Defendant waived review of his excessive sentence claim.

This court, however, has reviewed excessive sentence claims where no objection was made, no motion to reconsider sentence filed, or, at a minimum, a

3

defendant objected to the excessiveness of the sentence without stating a ground for his objection. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127. We will, therefore, review Defendant's claim as a bare claim of excessiveness.

The standard utilized in reviewing an excessive sentence claim is as follows:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02) 808 So.2d 331.

To determine whether a sentence shocks our sense of justice or makes no measurable contribution to acceptable penal goals, this court has suggested that the following factors be considered:

> [T]he nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the

4

> trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In this case, we will only address Defendant's attempted second degree murder sentence since he failed to argue anything with respect to his sentence for possession of a firearm by a convicted felon. Defendant's attempted second degree murder conviction carries a sentence of no less than ten and no more than fifty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. La.R.S. 14:27(D)(1)(a). His forty-year sentence, however, is ten years below the maximum sentence allowed by law. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225 (citing *State v. Sullivan*, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335). Defendant's sentence falls at the higher end of the permissible range.

As discussed above, the first two *Smith*, 846 So.2d 786, factors deal with the nature of the offense and the circumstances of the offender. Defendant's brief focuses on the nature of the offense, including the lack of physical injury. We note that while physical injury, or lack thereof, is relevant, it is not the only predominant consideration. *See* La.Code Crim.P. art. 894.1(A) and (B).[1] The

---

[1] Louisiana Code of Criminal Procedure Article 894.1(A) lists the circumstances that "should" warrant imposition of a sentence of imprisonment whereas La.Code Crim.P. art. 894.1(B) lists the grounds that "shall be accorded weight" when determining suspension of sentence or probation. It is unnecessary for the sentencing court to give any particular weight to any single factor. *See State v. Ware*, 41,343 (La.App. 2 Cir. 9/27/06) (unpublished opinion). We note that although a conviction for attempted second degree murder does not allow for the benefit of parole, probation, or suspension of sentence, the factors listed in La.Code Crim.P. art. 894.1(B) are instructive.

sentencing transcript reflects that the trial court also considered Defendant's "deliberate cruelty" in shooting his gun into a store "in the direction of the store owner" along with the risk of death or great bodily harm created by his actions. As to the offender's circumstances, the trial court noted Defendant's extensive criminal history and that he was approximately thirty years old. "While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

The third *Smith*, 846 So.2d 786, factor deals with sentences imposed for similar crimes. In that regard, we look to *State v. Odom*, 511 So.2d 1214 (La.App. 2 Cir.), *writ denied*, 515 So.2d 446 (La.1987), a factually similar case. In *Odom*, the defendant was riding in the passenger seat of one vehicle while watching the victim get into another vehicle. Thereafter, the victim drove away, and the defendant chased him in his vehicle from behind. During the pursuit, the defendant fired multiple shots at the victim's vehicle. The bullets hit the car but missed the victim, leaving him uninjured. When reviewing the defendant's sentence, the appellate court took note of the trial court's reasons for sentencing, stating that the trial court "extensively articulated [its] reasons for imposing the maximum penalty of fifty years at hard labor[.]" *Id*. at 1219. The appellate court could not "conclude that the circumstances . . . amount to one of the worst of attempted murders. . . . [and] that a significant amount of time has passed since defendant's last offense[.]" *Id*. at 1220. The appellate court also emphasized the defendant's extensive criminal history. It ultimately affirmed the defendant's conviction and sentence.

6

Another factually similar case is *State v. Dussett*, 12-356 (La.App. 5 Cir. 12/18/02), 106 So.3d 1203, *writ denied*, 13-154 (La. 6/21/13), 118 So.3d 410, wherein the victim was shot at multiple times by two individuals because of the victim's conversation with law enforcement about a shooting and murder the victim had previously witnessed. The victim managed to escape from these two individuals without being hit with bullets. After the defendant was convicted for attempted first degree murder, he was sentenced to forty years at hard labor.[2] In upholding the sentence, the appellate court reasoned that even though:

> The instant case differs from the foregoing cases in that the victim here was not physically injured. . . . the fact that [the victim] was not injured should not diminish defendant's punishment. Given defendant's criminal history and the malicious intent with which he acted, . . . the record supports the imposition of the maximum sentence.

*Id*. at 1209. The appellate court further noted that the defendant had an extensive criminal history.

Considering the foregoing jurisprudence and law, Defendant's excessive sentence argument, which he bases on the victim's lack of physical injury, does not carry much weight. Defendant's crime and criminal history is similar to those discussed in *Odom*, 511 So.2d 1214, and *Dussett*, 106 So.3d 1203. Given the great discretion accorded to the trial courts in sentencing, we cannot say that Defendant's sentence is constitutionally excessive considering the nature of the offense, his criminal history, and sentences handed down by similar courts for similar conduct. Accordingly, the trial court did not abuse its discretion and Defendant's assignment of error is without merit.

---

[2] Although attempted first degree murder is a higher level offense, it carries the same sentencing range as attempted second degree murder. *See* La.R.S. 14:27, 14:30, and 14:30.1.

## DECREE

Defendant, Charles Edward Jackson's forty-year sentence for attempted second degree murder is affirmed. We further order the trial court to amend its sentencing minute entry to correctly reflect that the $1,000.00 fine was not imposed on the attempted second degree murder sentence.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.